## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

MEGAN METZ,

     Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

     Defendants.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Megan Metz, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

### PARTIES

1.     Plaintiff, Megan Metz, is a natural person and citizen of the State of Colorado, with a current address of 2533 Lilac Drive, Erie, Colorado 80516.

2.     Defendant Life Insurance Company of North America ("Defendant LINA") is a corporation and/or similar business entity which regularly conduct business in the State of Colorado. The Defendant's registered agent for service of process is the C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268. Upon information and belief, Defendant is a citizen of the State of Pennsylvania, where it is incorporated and/or headquartered.

1

## JURISDICTION AND VENUE

3.      At all pertinent times, the Eating Recovery Center ("ERC") provided its employees with short-term disability ("STD") benefits, pursuant to an employee benefit plan as defined by the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA").  Upon information and belief, ERC is the sponsor and administrator of the benefit plan ("the Plan"). On further information and belief, ERC has delegated its obligation to make all benefit decisions at issue in this claim to the above-named Defendant.

4.      At all pertinent times, Plaintiff was a full-time employee of ERC and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5.      Thus, and at all pertinent times, and by virtue of said employment status, Plaintiff was covered by the provisions of the Plan, including coverage for STD benefits (subject to the terms and conditions of the Plan).

6.      This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA Plan.

7.      Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendants regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8.      Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

9. As set forth above, Plaintiff was insured through an employer-sponsored disability insurance program provided by the ERC for the benefit of its employees, identified herein as the Plan, which is upon information and belief governed by ERISA.

10. As set forth above, Plaintiff was a full-time and active employee of ERC and a participant in the aforementioned disability Plan and therefore eligible to apply for STD.

11. At all pertinent times, and prior to her disability, Plaintiff was employed by ERC as a care coordinator, a position which is cognitively demanding and requires the ability to work in a high stress environment on a full-time basis.

12. As pertinent here, said plan defines "disability" as the inability, due to sickness, injury or otherwise, to perform the material functions of one's own occupation.

13. Upon information and belief, ERC has delegated all decision-making authority and responsibility for administration of the plan to Defendant.

14. This includes, but is not limited to, responsibility for the processing of claims and the timely and correct payment of STD benefits.

15. Upon information and belief, Defendant LINA also insures the STD benefits and is therefore acting pursuant to an inherent conflict of interest.

16. Plaintiff was forced to stop working on or about December 12, 2023 due to a number of debilitating medical issues, including but not limited to seizure activity caused by epilepsy, sleep deprivation and emotional stress.

17. At all pertinent times, Plaintiff was disabled as defined by the Plan as a result of the aforementioned conditions.

3

18.     Plaintiff provided Defendant with medical records and other information in support of her claim.

19.     Defendant denied Plaintiff's claim for STD on or about October 2024.

20.     Plaintiff subsequently appealed, and submitted additional information including additional medical records, but Defendant upheld its decision and issued a final denial of STD benefits on or about December 4, 2024.

21.     Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**

22.     At all pertinent times, Plaintiff was covered by the Plan as set forth above.

23.     Upon information and belief, the Plan is subject to ERISA.

24.     At all pertinent times, Defendant is the claim administrator and insurer of the Plan, within the meaning of ERISA and/or law.

25.     Defendant was otherwise delegated the authority to administer claims for STD benefits by the Plan.

26.     At all pertinent times, Plaintiff met the criteria for STD under the Plan including that she was unable to perform the functions of her own and/or any other occupation and provided reasonable documentation (medical or otherwise) of that fact.

27.     Defendant has wrongfully, erroneously, arbitrarily and/or capriciously denied Plaintiff STD benefits due and owing under the Plan.

28.     Defendant's wrongful conduct includes, but is not limited to:

A.    Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

B.    Failing to provide an adequate review and appeal;

C.    Failing to act in Plaintiff's best interests;

D.    Failing to consider credible evidence of functional impairments;

E.    Failing to reasonably interpret and apply the terms of the Plan;

F.    Failing to conduct a reasonable investigation; and

G.    Failing to reasonably and properly interpret and implement all Plan provisions.

29.    Defendant has otherwise unreasonably failed to tender STD benefits.

30.    Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost STD benefits.

## **DAMAGES**

31.    The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to:  Past and future economic damages, including but not limited to loss of STD benefits.

WHEREFORE, Plaintiff requests judgment and damages against Defendants and/or the Plan as follows:

A.    A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B.    An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of health insurance or other premiums/benefits otherwise covered by the policy;

C.    Retroactive STD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b);

D.    Reasonable attorney's fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E.    Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1);

F.    An Order directing Defendants to process Plaintiff's claim for long-term disability benefits; and

G.    Such other and further relief as this Court deems just and appropriate.

Dated this 10th day of December, 2024.

SILVERN & BULGER, P.C.

s/Thomas A. Bulger, Esq.

_____
Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile (303) 292-1466
Email: counsel@silvernbulger.com

6